UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADEZHDA KANEVA, | Case No. 2:25-cv-1164-TLN-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, *et al.*, | |
| Defendants. | |

Plaintiff brings this action against the United States Citizenship and Immigration Services ("USCIS"); Ur Jaddou, the director of USCIS; and an unnamed director of USCIS's Sacramento Field Office. She alleges that USCIS has unreasonably delayed issuing a decision on her Form I-730 petition, which seeks derivative asylum benefits for her son. The complaint's allegations are, for screening purposes, sufficient to state a cognizable claim, and I will therefore direct service of the complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1  which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2  relief. *Id.*

3  A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13 The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                    **Analysis**

21 Plaintiff alleges that in January 2022, the United States granted her application for asylum.
22 ECF No. 1.  In April 2022, she filed a Form I-730 petition, asking that her son be permitted to
23 join her in the United States.  *Id.*  The following month, plaintiff's son lawfully entered the
24 United States, and on June 28, 2024, plaintiff and her son both appeared for an interview on her
25 Form I-730 petition.  *Id.*  According to plaintiff, USCIS told her that a decision would issue
26 within thirty days.  *Id.*  She claims, however, that USCIS has yet to issue its decision on her
27 petition.  *Id.*  She now brings this action pursuant to the Administrative Procedure Act, seeking an
28 order compelling defendants to adjudicate the Form I-730 petition.  For purposes of screening, I

find that the complaint states a cognizable claim.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's applications to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. Service is appropriate on defendants USCIS and Jaddou.[1]

3. The Clerk of the Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, two USM-285 forms, a summons form, and an endorsed copy of plaintiff's complaint filed April 22, 2025. ECF No. 1.

4. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process. The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to: United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916-930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d. One copy of the instant order.

5. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

6. Within twenty-one days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal. Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

---

[1] Only the named defendants can be served at this time. Because plaintiff does not identify the director of the USCIS Sacramento Field Office, the court is unable to direct service on that defendant. That defendant can only be served once he or she is identified.

7. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal is directed to serve process on defendants without prepayment of costs.

8. Plaintiff is cautioned that the failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: __April 28, 2025__                    _____
                                             JEREMY D. PETERSON
                                             UNITED STATES MAGISTRATE JUDGE