UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NADEZHDA KANEVA,

        Plaintiff,

    v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al.*,

        Defendants.

Case No.  2:25-cv-1164-TLN-JDP (PS)

ORDER TO SHOW CAUSE

In April 2025, plaintiff filed this action against defendants United States Citizenship and Immigration Services ("USCIS"), the Director of USCIS, Ur M. Jaddou, and USCIS Sacramento Field Office.[1]  On April 28, 2025, I granted plaintiff's application to proceed *in forma pauperis* and directed plaintiff to return to the court, within sixty days, completed service documents so that the U.S. Marshal could serve defendants USCIS and Jaddou.  ECF No. 3.

To date, plaintiff has not returned the service documents as instructed.  Instead, on May 13, 2025, he filed a document titled, "Summons Returned Executed."  ECF No. 7.  Included are two proofs of service by mail, one directed at the Director of the USCIS Sacramento Field and the other directed at defendant Jaddou.  *Id.* at 1-2.  Additionally, it appears that plaintiff himself

---

[1] Because plaintiff did not identify the director of the USCIS Sacramento Field Office, I did not direct service on that defendant. That defendant only be served once he or she is identified.

1

mailed the documents.  These filings fail to demonstrate that defendants have been properly served.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).  The rule governing service of process on United States government agencies requires plaintiffs to serve the agency itself as well as the United States, by and through service on the United States Attorney for the district where the action is brought and the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1)-(2).  Proper service on an agency of the United States under Rule 4(i)(2) requires the plaintiff to "send a copy of the summons and of the complaint by registered or certified mail to the agency."  Fed. R. Civ. P. 4(i)(2).  Plaintiff's service is inadequate.  First, the service on a United States agency must be sent via registered or certified mail to the agency, as required by Rule 4(i)(2).  Second, Rule 4(i)(2) requires that a plaintiff must also serve the United States in addition to the agency.  *Id.*  Third, it appears service was attempted by plaintiff himself, which is not allowed.  Fed. R. Civ. P. 4(c)(2).

Accordingly, plaintiff has failed to demonstrate that he properly served each defendant.  Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id*.  Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party's pro se status does not constitute "good cause" for failing to timely effect service.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute "good cause" for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these

Rules, and all other applicable law."). Plaintiff will be ordered to show cause why this action should not be dismissed for failure to timely serve defendants.

Plaintiff may either reattempt service on his own, or, as instructed in my April 28, 2025 order, he may return service documents to the court so the United States Marshal can effectuate service.

Accordingly, it is hereby ORDERED that:

1. Plaintiff shall show cause within fourteen days from the date of this order why this action should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m).

2. Plaintiff is warned that failure to respond to this order will result in a recommendation that this action be dismissed without prejudice for failure to effect services of process.

IT IS SO ORDERED.

Dated:    May 14, 2026                        _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3